UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GRACE HALABI, et al.,

    Plaintiffs,

v.

THOMAS FIELDS-EI AND SHANNON FIELDS,

    Defendants.
_____/

Case No. 06-12203

Honorable Sean F. Cox

FILED
JUL 28 2006
CLERK'S OFFICE
DETROIT

## ORDER OF DISMISSAL AND REMAND

### Introduction

This is landlord tenant case. Plaintiff Grace Halabi (Halabi) sued Defendants Thomas and Shannon Fields (Fields) in state court for unpaid rent. Fields filed a notice of removal with this Court. Before the Court is Plaintiff's emergency motion to remand and a request for costs and attorney fees. For the reasons that follow, Plaintiff's emergency motion to remand to the 35th District Court in Plymouth, Michigan is granted. Plaintiff's request for costs and attorney fees in the amount of $3200.00 is granted.

### Background

On March 30, 2006, Halabi sent a demand for possession for non-payment to the Fields. On April 21, 2006, Halabi filed the complaint. On May 3, 2006, Thomas Fields failed to appear for court and a default judgment was entered against him. Shannon Fields appeared and a judgment was entered against her in the amount of $3826.00. The judgment has not been satisfied. Instead of appealing the judgment to the Michigan Court

of Appeals, on May 12, 2006, Mr. and Mrs. Fields, proceeding *pro se*, filed a 20-page notice of removal and demand for a jury of "moors only" with Judge Arthur Tarnow. In the state action, Halabi captioned her action as follows: Grace Halabi v Thomas Fields, Shannon Fields and all other occupants 4122 Amanda Court, Canton, MI 48188. The Fields captioned their notice as follows: Grace Halabi and American Dream Solution, and ABN-Amro, and Standard Federal Bank v. United States ex. rel Thomas: Fields-El, Sui Juris and Shannon Fields.

On June 12, 2006, Plaintiff Halabi filed a response and an emergency motion to remand action back to 35th District Court in Plymouth, Michigan and a request that the Fields pay all costs and attorney fees the Plaintiff has incurred as a result of defendants' removal of this action in the amount of not less than $10,000.00. On June 27, 2006, this case was reassigned to this Court. The Fields requested an extension to file their response and this Court granted the Fields an extension to file their response by July 12, 2006. The Fields failed to file a response and requested another extension. This Court denied the Fields' request for an extension. Oral argument was heard on July 27, 2006.

**Law**

This Court is presented with the issue of whether or not this case is within the removal jurisdiction conferred by 28 U.S.C § 1441. Generally, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant to the district court of the United States for the district and divisions embracing the place where the action is pending. 28 U.S.C. § 1441. Federal district courts have original jurisdiction over "all civil actions arising under the Constitution,

laws, or treaties of the United States." 28 U.S.C. § 1331. "Only state court actions that originally could have been filed in federal court may be removed to federal court by the defendant. Absent diversity of citizenship, federal-question jurisdiction is required. The presence of absence of federal-question jurisdiction is governed by the well-pleaded complaint rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of plaintiffs properly pleaded complaint." Caterpillar, Inc. v. Williams, 482 U.S. 386, 393. 107 S. Ct. 2425 (1987).

**Analysis**

Defendants Fields notice of removal is incomprehensible. Without explanation, the Defendants have added American Dream Solution, and ABN-AMRO, and Standard Federal Bank as parties in this case. However, a review of the state claim reveals that Halabi is the only other party in this matter. It appears that the Fields asserts that removal is proper because they assert that the state foreclosure action violates their civil rights, the Federal Tort Claims Act, and their rights as a Sovereign American Moors under the Treaty of 1786. The Fields make many assertions which include the contention that all courts, judges, attorneys for the State of Michigan are committing fraud and treason.

The Fields have failed to establish that this case is within the removal jurisdiction conferred by 28 U.S.C. § 1441. This is a landlord tenant action where the Plaintiff appears to have followed the procedure of summary proceeding to recover possession of premises. The Fields were served with a written 7 day notice to pay past due rent. Plaintiff filed a complaint and the hearing and judgment was issued on May 3, 2006, and Mr. Fields failed to appear. MCLA 600.5714, MCLA 600.5716, MCLA 600.5718. Fields did not file a written

answer to complaint, object to the jurisdiction of the court, demand a jury trial, file a notice of removal prior to the judgement being entered, nor appeal to the Michigan Court of Appeals. Further, Fields has failed to respond to Halabi's motion for remand. This Court finds that the notice of removal is frivolous. This Court lacks subject matter jurisdiction to hear this case.

Halabi asserts that this removal action is a sham to block the eviction proceedings and cause financial harm to Halabi.  Further Halabi contends that the filing was made in bad faith. Pursuant to 28 U.S.C.A.1447, "an order remanding the case may require the payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C.A.1447

## Conclusion

For the above-stated reasons, Plaintiff's emergency motion to remand action to state court is Granted. Pursuant to Fed R. Civ.P12(b)(1) the notice of removal is Dismissed and Remanded to the 35th District Court in Plymouth, Michigan. Further the defendants are ordered to pay costs and actual expenses in the amount of $3200.00 within 30 days of the date of this order.

Sean F. Cox
U.S. District Judge

Dated: 7/28/06

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GRACE HALABI, et al

      Plaintiff,              CIVIL ACTION NO. 06-12203

v.                          DISTRICT JUDGE SEAN F. COX

THOMAS FIELD-EL AND SHANNON
FIELDS,

      Defendant.
_____/

## PROOF OF SERVICE

I hereby certify that on July 28 2006, a copy of the Order of Dismissal and Remand was served by U. S. mail upon:

Richard T. White, Jr
17177 N Laurel Park Dr   Ste 265
Livonia, MI 48152

Thomas and Shannon Fields
4122 Amanda Court
Canton, MI 48188

                                            s/J. Hernandez
                                            Case Manager to
                                            Sean F. Cox